NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0367n.06

No. 13-3822

**UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
May 15, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| PRINCESS WELLS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| CHRYSLER GROUP LLC; UAW LOCAL 1435, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

BEFORE:     MOORE and ROGERS, Circuit Judges; NIXON, District Judge.[*]

ROGERS, Circuit Judge.  Plaintiff-appellant Princess Wells appeals the district court's judgment dismissing her employment discrimination claims, based on Title VII and the Americans with Disabilities Act (ADA), against her former employer, Chrysler Group LLC, and her union, the United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), Local 1435.  *Wells v. Chrysler Grp. LLC*, No. 3:08CV2264, 2013 WL 2631371 (N.D. Ohio June 11, 2013).  Upon review of the briefs and record, we find that the district court's opinion sufficiently addresses most of the issues raised by the parties on appeal.  Because the issuance of a detailed written opinion would be duplicative and would serve no useful purpose, we adopt the reasons stated by the district court, with the following qualifications.

---

[*]The Honorable John T. Nixon, United States District Judge for the Middle District of Tennessee, sitting by designation.

With respect to Wells's ADA claim for the period during which Dr. Hall stated that she could work but could not use her dominant (left) arm or hand, Wells failed to create a genuine issue of material fact about whether there were vacant positions at the plant that she could have filled. The former union stewards' vague, conclusory statements about there being menial tasks for restricted workers do not suffice, especially since neither of them claimed to have knowledge of Wells's extraordinary restriction of not being able to use her dominant arm and hand. For example, although Edward Phillips opined, "I mean, a lot of times, you just have people over in the corner sweeping the floor," it does not follow that a non-dominant-hand-only worker would be given such a job. In contrast, the labor relations supervisor Nick Weber, who had personal knowledge of Wells's situation, stated explicitly that there were no vacant one-handed positions for a production operator like Wells. The ADA does not require Chrysler to have placed Wells in a position that was not vacant at the time. *Smith v. Ameritech*, 129 F.3d 857, 867 (6th Cir.1997). Nor does the ADA require Chrysler to shift responsibilities among other employees in order to create a position that is not already in existence at the time. *See Hoskins v. Oakland Cnty. Sheriff's Dept.*, 227 F.3d 719, 729 (6th Cir. 2000).

Regarding the discrimination claim against the union, the district court employed the proper standard when it dismissed the claim for failure to demonstrate a breach of the duty of fair representation. Wells argues that she did not bring a claim for a breach of the duty of fair representation, but rather that her claims were for race and sex discrimination under Title VII. Appellant's Br. at 29. This meritless argument raises form above substance. What Wells now argues that she actually claimed is what the district court actually considered, albeit with an inconsequential difference in name and emphasis.

The duty of fair representation incorporates a requirement that the union not act discriminatorily. *See Emswiler v. SCX Transp., Inc.*, 691 F.3d 782, 793 (6th Cir. 2012). Additionally, Title VII makes it unlawful for a union to deny fair representation based upon race or sex. *See* 42 U.S.C. § 2000e-2(c)(1); *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 668–69 (1987). Indeed, district courts in this circuit—following the Seventh Circuit's test in *Bugg v. International Union of Allied Industrial Workers of America, Local 507 AFL-CIO*, 647 F.2d 595, 598 n.5 (7th Cir. 1982)—have required Title VII plaintiffs to prove that a union breached its duty of fair representation. *Beshears v. Hennessey Indus., Inc.*, No. 3:12-00087, 2012 WL 6093457, at *2 (N.D. Tenn. Dec. 7, 2012); *Hout v. City of Mansfield*, 550 F. Supp. 2d 701, 727 (N.D. Ohio 2008). Therefore, a claim that the duty of fair representation was breached on account of discrimination and a claim of discrimination in failing to fairly represent the employee are essentially the same. Other courts have recognized this commonality in similar cases. *See Agosto v. Corr. Officers Benevolent Ass'n*, 107 F. Supp. 2d 294, 304 (S.D.N.Y. 2000) (collecting cases).

Wells's claim is accurately characterized as a claim that the union denied her the representation she otherwise would have received were it not discriminating against her on the basis of sex, age, or race. This would be both discrimination and a violation of the duty of fair representation—the difference here is naught. On appeal, Wells does not challenge the district court's determination that the union did not breach its duty of fair representation,[1] and we affirm

---

[1] The district court may have truncated the fair-representation test by suggesting that "[t]he relevant issue in assessing a Union's judgment is not whether it acted incorrectly, but whether it acted in bad faith." *Wells v. Chrysler*, 2013 WL 2631371, at *13 (quoting *Anderson v. Ideal Basic Indus.*, 804 F.2d 950, 953 (6th Cir. 1986)). A proper statement of the complete test appears to be that "[a] breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is *arbitrary, discriminatory, or in bad faith.*" *Bowerman v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am., Local No. 12*, 646 F.3d 360, 368 (6th Cir. 2011) (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)) (emphasis added); *see also Anderson*, 804 F.2d at 952.

the dismissal of Wells's discrimination claim against the union on that ground. "Unions are not . . . obligated to prosecute grievances that they find to be meritless." *Kelsey v. FormTech Indus.*, 305 F. App'x 266, 269 (6th Cir. 2008) (citing *Williams v. Molpus*, 171 F.3d 360, 366–67 (6th Cir. 1999)).

Finally, Wells also argues that the district court failed to address her harassment and discrimination claims that were brought under the ADA. Appellant's Br. at 18–19, 29–30 & n.4. It is true that the district court appeared to treat the ADA claims as based solely on a failure to accommodate. The gravamen of Wells's complaint is that Chrysler discriminated by failing to find a position for her, which is naturally construed as a failure to accommodate. Wells's argument is somewhat confusing, because "discrimination" under the ADA is a general term that encompasses, among other theories, disparate treatment, harassment, and failure to accommodate. *See* 42 U.S.C. § 12112(a)–(b); *see also Rorrer v. City of Stow*, 743 F.3d 1025, 1038–39 (6th Cir. 2014) (failure to accommodate); *Raytheon v. Hernandez*, 540 U.S. 44, 53 (2003) (disparate treatment); *Keever v. City of Middletown*, 145 F.3d 809, 813 (6th Cir. 1998) (harassment). Wells did not present a sustained argument in either her response in the district court or in her appellate brief before this court as to the theory under which she brings her claim.

Regardless of the theory of the claim, Wells has to rebut Chrysler's articulated non-discriminatory rationale for treating Wells as it did. *See Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011). Although the district court did not address pretext in the context of Wells's ADA claims, the district court correctly determined that Wells failed to meet her burden of

---

This mischaracterization of the test makes no difference in this case, though. Arbitrariness, discrimination, and bad faith overlap considerably in practice, as demonstrated by the statement that "[a] union's actions are improperly discriminatory if they are intentional, severe, and unrelated to legitimate union objectives, and they are in bad faith if made with improper intent or motive." *Bowerman*, 646 F.3d at 368 (citation and internal quotation marks omitted). With that in mind, the district court substantially applied the proper test, and its ultimate assessment of the claim was correct.

showing a genuine dispute regarding pretext with respect to the sex, age, and race discrimination claims. *See Wells v. Chrysler*, 2013 WL 2631371, at *8–11. Because the district court's reasoning with respect to pretext applies with equal force in the ADA context, the ADA claims were properly dismissed.

Accordingly, we AFFIRM the judgment of the district court.